BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**AMY E. POTTER**
amy.potter@usdoj.gov
Assistant United States Attorney
405 E. 8th Street, Suite 2400
Eugene, Oregon  97401-2708
Telephone: (541) 465-6771
Attorneys for the United States

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 6:19-cv-00039-MA |
| **Plaintiff,** | |
| **v.** | **COMPLAINT** |
| **2721 NE Conser Road, Albany,**<br>**Linn County, State and District of Oregon,**<br>**Real Property with Buildings,**<br>**Appurtenances, and Improvements,** *in rem*, | |
| **Defendant.** | |

Plaintiff, United States of America, by Billy J. Williams, United States Attorney for the

District of Oregon, and Amy E. Potter, Assistant United States Attorney, for its complaint *in rem*

for forfeiture, alleges:

I.

This Court has subject matter jurisdiction, *in rem* jurisdiction, and venue pursuant to

21 U.S.C. § 881; 28 U.S.C. §§ 1345, 1355, 1356, and 1395; and 19 U.S.C. § 1610.

**Complaint *in rem* for Forfeiture**                                                      **Page 1**

II.

Defendant, *in rem*, 2721 NE Conser Road, Albany, Linn County, State and District of

Oregon, Real Property with Buildings, Appurtenances, and Improvements, (hereinafter known as

"2721 NE Conser Road") and more particularly described as:

Beginning at a point on the North boundary of Market Road #34, 30 feet North and 30.19 feet West of the Southeast corner of Tract 23, MILLERSBURG TEN ACRE TRACTS; thence West along North boundary of said Market Road 160 feet, more or less, to the Southeast corner of a tract of land conveyed to Richard Draper and Betty Draper by Deed recorded June 22, 1964, in Book 303, at Page 128, Records of Linn County, Oregon; thence North along Drapers' East boundary line 272 feet; thence East and parallel with North boundary of said Market Road 160 feet more or less to West boundary line of a tract conveyed to Mabel Bowman by Deed recorded in Book 323, at Page 179, Records of Linn County, Oregon; thence South along Bowman's West line 272 feet to the point of beginning. Except the West 10 feet of the South 20 feet thereof. ALSO EXCEPTING the West EIGHTY (80) FEET of the above described property.

Account: 44335
Map & Tax Lot: 10S03W20DD00300

is now and during the pendency of this action will be within the jurisdiction of this Court.

III.

Defendant, *in rem*, 2721 NE Conser Road, was used or intended to be used to facilitate

the illegal distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 856(a)(2),

and is forfeitable to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(7), as

more particularly set forth in the declaration of Andrew Hsia, Special Agent, Drug Enforcement

Administration, marked as Exhibit A, attached and fully incorporated herein by this reference.

WHEREFORE, plaintiff, United States of America, prays that due process issue to

enforce the forfeiture of defendant, *in rem*, 2721 NE Conser Road; that due notice be given to all

interested persons to appear and show cause why forfeiture of this defendant, *in rem*, should not be decreed; that due proceedings be had thereon; that this defendant be forfeited to the United States; that the plaintiff United States of America be awarded its costs and disbursements incurred in this action.

DATED: **January 9, 2019.**         Respectfully submitted,

                                    BILLY J. WILLIAMS
                                    United States Attorney

                                    *s/ Amy E. Potter*
                                    **AMY E. POTTER**
                                    Assistant United States Attorney

**VERIFICATION**

I, Andrew Hsia, declare under penalty of perjury, pursuant to the provisions of

28 U.S.C. Section 1746, that I am a Special Agent with the Drug Enforcement Administration

and that the foregoing Complaint *in rem* for Forfeiture is made on the basis of information

officially furnished and upon the basis of such information the Complaint *in rem* for Forfeiture is

true as I verily believe.

<u>*s/ Andy Hsia*</u>
**ANDREW HSIA**
Special Agent
Drug Enforcement Administration

## DECLARATION of ANDREW HSIA

I, ANDREW HSIA, do hereby declare:

### BACKGROUND/EXPERIENCE

1.  I am a Special Agent (SA) with the United States Drug Enforcement Administration (DEA) currently assigned to the Eugene Resident Office. As such, I am empowered by Title 21, United States Code, Section 878 to make arrests and obtain and execute search warrants. My job assignment includes, but is not limited to, the investigation of violations of Title 21, United States Code, Sections 841(a)(1), 846, 843(b), and 856, which includes the detection, identification, and apprehension of those individuals involved in narcotics trafficking offenses.

### PURPOSE OF THIS DECLARATION

2.  This declaration is submitted in support of a complaint *in rem* seeking the forfeiture of real property, including the lot or tract of land and any appurtenances or improvements on that property, commonly known as 2721 NE Conser Road, City of Albany, County of Linn and State of Oregon (NE Conser Road) and further described as

Beginning at a point on the North boundary of Market Road #34, 30 feet North and 30.19 feet West of the Southeast corner of Tract 23, MILLERSBURG TEN ACRE TRACTS; thence West along North boundary of said Market Road 160 feet, more or less, to the Southeast corner of a tract of land conveyed to Richard Draper and Betty Draper by Deed recorded June 22, 1964, in Book 303, at Page 128, Records of Linn County, Oregon; thence North along Drapers' East boundary line 272 feet; thence East and parallel with North boundary of said Market Road 160 feet more or less to West boundary line of a tract conveyed to Mabel Bowman by Deed recorded in Book 323, at Page 179, Records of Linn County, Oregon; thence South along Bowman's West line 272 feet to the point of beginning.  Except the West 10 feet of the South 20 feet thereof. ALSO EXCEPTING the West EIGHTY (80) FEET of the above described property.

Account: 44335
Map & Tax Lot: 10S03W20DD00300.

3.  As set forth below, there is probable cause to believe and I do believe, that Mark D. McKibbin (McKibben) has committed violations of 21 U.S.C. §§ 841(a)(1) and 856(a)(2), the

**Declaration of Andrew Hsia**                                    **EXHIBIT A   Page 1**

distribution of controlled substances and maintaining a drug-involved premises. Specifically, I believe McKibbin facilitated the illegal distribution of methamphetamine from his residence, NE Conser Road, and maintained the residence for purposes of distributing methamphetamine since approximately April 2018.  As such and as set forth below, there is probable cause to believe that the real property, including the lot or tract of land and any appurtenances or improvements on that property, located at 2721 NE Conser Road, City of Albany, County of Linn and State of Oregon, is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7), because it is real property that was used or intended to be used to commit or facilitate the commission of a drug trafficking offense.

4.   The real property located at NE Conser Road was transferred to McKibbin on or about June 14, 2017.  Based on a Bargain and Sale Deed dated June 14, 2017, Steven L. McKibbin transferred Mark D. McKibbin the property at  NE Conser Road for zero dollars.  The deed was signed by Steven McKibbin as well as a public notary for the State of Oregon.

5.   Based on evidence obtained in this investigation, including evidence obtained from a search warrant at the residence, investigative reports, and property title records, there is probable cause to believe, and I do believe, that beginning in 2018 and continuing to the present, McKibbin distributed methamphetamine from NE Conser Road on multiple occasions and altered the structure of NE Conser Road to secrete and conceal distribution quantities of controlled substances, specifically methamphetamine.

6.   The information contained in this declaration is based on my personal knowledge, as well as information obtained from other law enforcement personnel, information obtained from financial property records, and cooperating witnesses. The information set forth here is provided solely for the purpose of establishing probable cause in support of the complaint *in rem* and

**Declaration of Andrew Hsia**                                    **EXHIBIT A   Page 2**

therefore, it does not include each and every fact that I or others have learned during the course
of this investigation.

SUMMARY OF THE INVESTIGATION

**Controlled Purchase of Methamphetamine on October 26, 2018**

7.   The Linn Interagency Narcotics Enforcement Task Force (LINE) as well as the DEA,
has been investigating Mark Dana McKibbin and others for trafficking methamphetamine in
Oregon. A confidential source (CS) knew that McKibbin regularly stored drugs at his house and
that s/he could buy methamphetamine from McKibbin at his residence.

8.   At about 10:00 a.m. on October 26, 2018, investigators with LINE provided the CS
with $1,900 to purchase a half-pound of methamphetamine. The CS traveled to NE Conser Road.
Inside of the residence, out of public view, the CS met with McKibbin. The CS said that
McKibbin already had weighed out the pre-arranged half-pound of methamphetamine which was
sitting on the kitchen table in the house.

9.   After leaving McKibbin's residence, the CS provided the suspected
methamphetamine to law enforcement. The substance weighed about 225.5 gross grams and field
tested presumptive positive for methamphetamine.

**Controlled Purchase of Methamphetamine on November 2, 2018**

10. At about 10:30 a.m. on November 2, 2018, investigators with LINE provided the CS
with $1,900 to purchase another half-pound of methamphetamine. The CS again traveled to NE
Conser Road. Once inside of the residence, the CS met McKibbin in the living room. The CS
said that McKibbin already had weighed out the pre-arranged half-pound of methamphetamine.

11. After leaving NE Conser Road, the CS provided the suspected methamphetamine to law enforcement. The substance weighed about 229.2 gross grams and field tested presumptive positive for methamphetamine.

**Controlled Purchase of Methamphetamine on November 9, 2018**

12. The CS previously informed investigators with LINE that they could buy methamphetamine from McKibbin at NE Conser Road without prior notice.  It was not unusual to show up at McKibbin's house to inquire about purchasing methamphetamine and then for McKibbin to sell whatever methamphetamine he had on-hand at his residence.

13. At about 10:00 a.m. on November 9, 2018, investigators with LINE provided the CS with $1,900 to purchase half-pound of methamphetamine. The CS traveled to NE Conser Road. There, the CS contacted McKibbin and entered the residence. The CS said that McKibbin brought several pounds of methamphetamine from his bedroom area to the dining room. Once there, McKibbin used a large spoon to measure out half-pound of methamphetamine on the dining room table.

14. After leaving McKibbin's residence, the CS provided the suspected methamphetamine to law enforcement. The substance weighed about 223.8 gross grams and field tested presumptive positive for methamphetamine.

**Search Warrant on November 16, 2018 at McKibbin's Residence**

15. On November 16, 2018, investigators with LINE and the DEA served a State of Oregon search warrant on McKibbin's residence and found several plastic bags containing suspected methamphetamine as well as a larger stash that was located beneath a floorboard in a bedroom closet.  During the physical search of the residence, DEA Agents located carpeting that had been pulled out from the wall in the closet.  Upon further examination, agents located a cut-

**Declaration of Andrew Hsia**                                    **EXHIBIT A   Page 4**

out in the floorboards that led to a crawlspace underneath the house.  There agents located an ammo can which contained a large amount of methamphetamine.  The floorboards had been modified to allow access to the crawl space underneath the house where the methamphetamine was hidden. Based on the lack of disturbance farther into the crawl space, DEA Agents believed that the crawlspace was used specifically to conceal methamphetamine within reach of anyone accessing the modified floorboards.  Based on the condition of the room in which the crawlspace was located, it was difficult to ascertain how long ago the floorboard modification was installed.

16. A sample of the methamphetamine found in the residence was field tested and came back presumptive positive for methamphetamine. In total, law enforcement found and seized about 553.6 grams of methamphetamine from McKibbin's residence during the service of the search warrant.

## CONCLUSION

17. Based on the foregoing, I have probable cause to believe and do believe that Mark Dana McKibbin possessed with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of  21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii).

18. As previously described, McKibbin conducted several drug transactions in NE Conser Road. McKibbin also appeared to have modified and utilized a modified portion of the property to conceal methamphetamine. As such, NE Conser Road is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7), because it is real property that was used or intended to be used to commit or facilitate the commission of a drug trafficking offense

**Declaration of Andrew Hsia**                                    **EXHIBIT A   Page 5**

I declare under penalty of perjury that the foregoing is true and correct pursuant to

28 U.S.C. §1746.

Executed this 9th day of January 2019.

*s/ Andy Hsia*
Andrew Hsia
Special Agent
Drug Enforcement Administration

**Declaration of Andrew Hsia**                                    **EXHIBIT A   Page 6**

~JS 44  (Rev. 12/07)
# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

**DEFENDANTS**

**(b)**  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
       Plaintiff

☐ 3   Federal Question
       (U.S. Government Not a Party)

☐ 2   U.S. Government
       Defendant

☐ 4   Diversity
       (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

☐ 1   Original
       Proceeding

☐ 2   Removed from
       State Court

☐ 3   Remanded from
       Appellate Court

☐ 4   Reinstated or
       Reopened

☐ 5   Transferred from
       another district
       (specify)

☐ 6   Multidistrict
       Litigation

☐ 7   Appeal to District
       Judge from
       Magistrate
       Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII.  REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____